### PETITT v MORTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11677. Decided Oct 5, 1931

RICHARDS and WILLIAMS, JJ, (6th Dist), and CROW, J (3rd Dist), sitting.

H. L. Deibel and Messrs. Anderson & Lamb, Cleveland, for plaintiff in error.

Messrs. Day & Day and J. A. Curtis. Cleveland, for defendant in error.

**RICHARDS, J.**

From this summary of the opening statement, it is evident that the controversy in this case may be determined by the solution of two questions. First, did the damage to plaintiff's property result proximately from the failure of the defendant to construct fire escapes on the building as provided by the ordinance and, second, is the plaintiff barred from recovery in this action by the fact that he failed to claim in his injunction suit the damages which he now seeks to recover?

In view of the fact that the plaintiff was an occupant of the ground floor, the ordinance for the construction of fire escapes was not in any sense for his benefit or protection and the failure of the defendant to comply therewith could not be the proximate cause of plaintiff's loss. No direct causal connection, if indeed any connection, existed between the failure of the defendant to comply with the ordinance for the construction of fire escapes and the destruction of plaintiff's property. This situation is well illustrated by a class of cases represented by Whitehead v Telephone Co., 190 N. C., 197, in which case it was held in an action to recover damages of a telephone company, that the failure of the telephone operator to make a connection with the city fire department, resulting in a delay of the department to reach the fire in time to extinguish it, is not sufficient to state a cause of action. See also Cody v New York Telephone Co., 131 Atl., 221.

Where the facts, as in the case at bar, appear in the opening statement of counsel and are of course undisputed, the question of proximate cause is one of law. **Railroad Company v Liidtke, 69 Oh St, 384.**

It appears from the opening statement in the record that the plaintiff in his original action for injunction sought a restraining order to prevent the defendant from directly or indirectly interfering with plaintiff's possession as lessee of the same premises which are involved in this action and from delivering possession thereof to other persons, and for reformation and specific performance and for such further relief as plaintiff was entitled to in equity. The record shows that in the first action the plaintiff recovered a judgment decreeing reformation, specific performance and a permanent injunction. Manifestly the plaintiff in that case asserted the only cause of action he had against the defendant and his right to damages was a mere incident thereto, and if he was entitled to damages, they could have been assessed in that action. The action in the present case is merely the pursuit of a remedy which the plaintiff claims to have, the right to which arose out of the same alleged wrongful conduct of the defendant that was relied on for a recovery in the first action. The policy of the law prohibits the splitting of a cause of action and requires a plaintiff to exhaust in one action all of his remedies arising out of the same wrongful act. Thus, if a plaintiff seeks to avoid an assessment for paving or constructing a sewer, and bases his right upon certain specified claimed irregularities, and fails in that action, he may not thereafter maintain another action to avoid the assessment upon other claimed defects. It has long been settled in Ohio that a judgment in a former action is conclusive not only as to what was determined but as to every other question which might properly have been adjudicated in that case. **Strangward v The American Brass Bedstead Co., 82 Oh St, 121.** Of course, we are not speaking of a case where a plaintiff has two separate causes of action.

The trial court in the first action having found for the plaintiff and granted an injunction, had the power to proceed further and assess whatever damages, if any, the plaintiff had suffered, and it would violate the rule against multiplicity of actions to permit a plaintiff to recover in one action a part of the relief to which he is entitled and then maintain another action to recover further relief for the same breach.

Holding these views, we must conclude that the trial court committed no error in rendering judgment in favor of the defendant on the opening statement.

Judgment affirmed.

**WILLIAMS** and **CROW, JJ,** concur.