## GARNER v CORWIN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1104. Decided Jan 12, 1932

Irvin C. Delscamp, Dayton, for plaintiff in error.

Craighead, Cowden, Smith & Schnacke, Dayton, for defendant in error.

KUNKLE, J.

A proper determination of this case requires a consideration of the journal entry of the lower court which we are asked to review. This journal entry is as follows:

"This day this cause came on to be heard upon motion of the plaintiff to set aside the verdict of the jury and for a new trial herein, and the same was submitted to the court, and the court on consideration thereof overrules said motion, to all of which the plaintiff herein excepts.

And the court now coming to a consideration of the entry of judgment herein, the court finds that upon the trial of this present action the court took judicial notice of the pleadings, judgment entry and record in a former action in this court (being case No. 60400 on the dockets of this court) brought by William W. Garner plaintiff herein, against Raymond C. Corwin, defendant herein; and that the court then found, and now finds, from a reading of the pleadings in the present action, and from the opening statement for plaintiff in the present action, and from an examination of the pleadings, judgment entry and record in said former action, that said former action was founded on the same cause of action as in the present action, and that in said former action there was a complete adjudication of the rights of the parties, except as to the subject of damages; and that the subject of damages, presented in this present action could have been presented and litigated by the plaintiff, William W. Garner, in said former action, and that by reason of the premises said plaintiff, William W. Garner, is barred from bringing this present action for damages.

It is therefore ordered, etc., etc."

It thus appears from the journal entry that the trial court took judicial notice of the pleadings, judgment entry, and the record in the former action above mentioned. Such pleadings, former judgment entry, etc., formed the basis for the action of the court below, although not formally introduced in evidence.

Such pleadings, judgment entry, etc., having formed the basis for the action of the trial court, it will be necessary for us to consider the same in order that we may review the action of the trial court.

The petition of plaintiff in error in the original case, No. 60400, as above stated, sought a mandatory injunction ordering the defendant in error to remove the obstruction which he had placed over the driveway in question. No other form of relief was sought. Plaintiff in error in that proceeding relied solely upon what he considered his right to have the obstruction removed. He did not seek to recover damage for the alleged obstruction. An issue was joined in that case and the same was presented to the then trial judge, who handed down a detailed opinion in which he found that the plaintiff was not entitled to the relief sought, as he then had another means of access to his premises and the right of way in question could not be termed one of necessity.

Next to the last paragraph of this decision is as follows:

"In view of the fact that this house as constructed over the right of way is a permanent structure and cannot be assumed to be liable to a change of location or discontinuance, this plaintiff is entitled to recovery for the whole injury, prospective as well as past, which he has or will suffer by interference. How such damages may be effected by the limited period of the grant we do not now determine. For the purpose of ascertaining such damages it is ordered

that an action be brought, to be tried by a jury in one of the trial courts; and upon their verdict a proper judgment may be rendered."

In brief, the petition of plaintiff in the former case was dismissed and the plaintiff in error was instructed to bring an action in damages to be tried by a jury in one of the trial courts.

The former case was a chancery proceeding. It was directed solely to the Chancellor. No jury question was involved. The Chancellor dismissed the proceeding and in his decision instructed plaintiff to bring an action at law for damages so that his damage if any, both present and prospective might be submitted to a jury for its consideration.

The present case is the result of such suggestion of the trial court in the former case and in the case at bar no equitable relief is asked, but it is purely an action for damages and triable not to a Chancellor but to a jury.

Assuming that plaintiff in error, in the former case could have secured leave to file an amended petition setting forth his claim for damages, yet this was not done and it is contended strenuously by counsel that it was not done in view of the suggestion of the trial court in the first case and this action was brought eliminating all chancery questions and proceeding solely as an action for damages. It is apparent that no determination of the plaintiff's damage was attempted in the former case. At no time has there been an adjudication of the question as to whether plaintiff in error was or was not entitled to recover damages by reason of such obstruction of the driveway in question. Defendant in error has been in no way prejudiced upon this subject.

Our attention is called to a former decision of this court in the case of Jacob Margolis v Sadie Cullen, Case No. 496 in the Court of Appeals of Montgomery County, being a decision handed down several years ago by this court.

We think the decision in the Margolis case in so far as the reasoning is concerned is applicable to the case at bar and that the trial court erred in not submitting this question to the jury for its determination. The judgment of the lower court will therefore be reversed and cause remanded.

ALLREAD, PJ, and HORNBECK, J, concur.

## ON MOTION FOR REHEARING

Decided Feb 29, 1932

BY THE COURT

Defendant in error has filed an application for rehearing herein and the same is supported by a brief of counsel.

The application for rehearing was not filed within the time prescribed by our rules, but we have considered the application for such rehearing upon its merits rather than strike the application from the files because it was not filed within rule day.

Upon such consideration we are of opinion that the original decision should be adhered to and the application for rehearing may be overruled.

We have examined the case of **Petit v Morton, Ohio Law Abstract of date February 7th, 1932, (11 Abs 168)**, and think that case can be distinguished from the case at bar.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.