## SCHMIDT v CULLEN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1162.   Decided June 28, 1933

Marshall & Harlan, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, and Warren J. Ferguson, for defendant in error.

**OPINION**

By THE COURT

The controlling statute is §11241 GC which provides:

"An action must be prosecuted in the name of the real party in interest * * *."

The language of the statute is conclusive that its requirement is mandatory and it has been so construed, Cox v Traction Co, 32 O.C.A. 487.

Is the plaintiff the real party in interest? At the inception of his action, upon the trial of the case and upon the record until the verdict, it clearly appears that he had an interest in the subject matter of the law suit, which he could assert against the defendant. The jury, by its verdict allowed him but $1800.00, upon which the trial court entered judgment. The plaintiff prosecutes no error. Admittedly his interest was representative of any sum in excess of $1800.00. The jury, determining that this was the amount and extent of his damage and his rights of recovery up to this sum, having been specifically assigned to the Travelers Insurance Co., there was left to him no interest whatever in the subject matter of the action and he was not a party in interest under the statute.

The question whether or not plaintiff was a party in interest was an issue of fact which the jury by indirection resolved against him. In Pettitt v Morton et, 28 Oh Ap, 227, (10 Abs 436; 11 Abs 168; 6 Abs 549), the right of a party to recover is said to be determined by whether he has an interest in the subject matter of the action.

In Blackwell v Insurance Co., 48 Oh St, 541, the right of plaintiff, an individual, was questioned to recover on a fire insurance policy containing a clause of forfeiture upon sale or transfer of the property insured when at the time of the loss a partnership interest in the property insured had been sold by the insured. The last paragraph of the opinion, though supporting the right of plaintiff to institute the action and recover, used this significant language:

"Here the plaintiff alone is interested in the policy of insurance so set forth by him in his petition. The contract it contains is to indemnify him; He can recover, of course, only to the extent he has been damaged; but as no question is before us as to the proper measure, it will not receive consideration."

The court in The L. E. & W. R. R. Co. v Falk and Phoenix Ins. Co., 62 Oh St, 298, states the following rule:
"In an action brought by the owner against the railroad company to enforce such liability an insurer, having before the termination of the action, made payment to the owner on account of such loss, should intervene for the purpose of being subrogated to the rights of the owner to the extent of such payment, and the amount recovered from the railroad company should be adjudged to the owner and the insurer according to their respective interests."

In the cited case the insured had been paid in full by the insurance company and the court held that by reason thereof the right of subrogation followed, whether or not there had been an assignment of the policy. The court, though not carrying the proposition into the syllabus, indicates in the opinion that the insurer was a necessary and proper party. At page 306 Judge Shauck said:

"But the subject of the action was the loss sustained in consequence of the destruction of the property. The object of the suit was to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act and the railroad company could have objected with more force if it had been subjected to two actions by those interested in the recovery. This mode of asserting the rights of parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own interest, is in conformity with the requirements of modern procedure." Swarthout et v Chicago & Northwestern Ry. Co., 49 Wis., 625; Insurance Company v Frost, 37 Ill., 333."

Cox v Traction Co., supra, was an action brought by an individual who had been fully indemnified for his loss by a liability insurance company under a policy the terms of which it was provided that the company should be subrogated to any claim that the plaintiff might have against any person for damages sustained by reason of any collision in the event that the company should pay the plaintiff the loss sustained by said collison. By answer the defendant asserted the subrogation clause of the policy and that the company had paid the loss in full and claimed that the plaintiff was not a proper party in interest in the action. To this defense a demurrer was interposed which was overruled by the trial court and judgment entered for the plain-

tiff. The Court of Appeals, in reversing the lower courts, held that in the situation presented the action must be brought in the name of the subrogated insurer. The court, by Judge Mauck writing the opinion, cites the pertinent authorities outside of Ohio and though it is admitted that there is a difference of opinion in such jurisdictions, recognized the rule to be that where the insured had been fully compensated for his loss by his insurer, the sole party plaintiff should be the insurer. All of the authorities cited hold that where the insured has not been fully compensated by the insurer for his loss he is a proper party plaintiff. Some hold that the insurer should be joined as a party plaintiff and if refusing to so join should be made party defendant. The rule as stated in 14 R.C.L., 1410 is:

"Under code practice, however, where an action is required to be brought in the name of the real party interested, if the loss does not exceed the insurance the insurer must sue in its own name, and the insured is not a proper party to the action, but where the loss exceeds the insurance the insurer cannot maintain an action in its own name; however, the assured may bring an action in his own name against the wrongdoer, and recover the full amount of the loss, holding the proceeds, so far as the insurer is subrogated, as a trustee, and it would seem that the insured owner is the only proper party to recover damages from the wrongdoer."

The subject is discussed in notes to Cunningham v Seaboard Air Line Ry., 2 L.R.A. (N.S.), 921, Illinois C. R. Co. v Nicklin, 23 L.R.A., (N.S.) 870 and Wyker v Texas Co., L.R.A., 1918 F., 145 The heading of the annotation in this last cited case is:

"May one who destroys insured property defeat an action by the owner upon the ground that the right of action is in the insurer."

The authorities cited are not uniform.

In the cited cases of Alaska Pacific S. S. Co. v Sperry Flour Co., 94 Wash. 227, 162 Pac. 26 and Swift & Co v Wabash R. Co., 149 Mo. App., 526, 131 SW 124, it was held that the insured was a proper party plaintiff although fully indemnified by payment from insurance companies with which the plaintiffs held policies. The theory of the opinions is that the defendant tort feasor cannot be heard to assert the right of the insurer against the insured as that is peculiar to the insurance company and the benefits of the subrogation of the insurance companies is not available to the defendant. Most of the cases cited, however, follow the rule that the individual insured is only the proper party plaintiff when he has not been fully indemnified for his loss.

The instant case differs from any authority cited or any which we have examined in that at the time of the institution of the suit the plaintiff by common understanding of himself and his insurer had not been fully paid for his loss, no assignment of all his rights made to the insurer and thereby retained a substantial interest in the subject matter of an action against the defendant. Obviously, the insurance company could not, under the rule, have properly instituted its action as a party plaintiff because it could not be heard to say that it was subrogated to all of the rights of the plaintiff against the defendant. Clearly, then, the plaintiff had a right to recover to the extent of any interest which he retained in the subject matter of the action. But what interest in fact did he retain? He had a right to prosecute the action as he claimed in good faith damages in a sum in excess of $1800.00.

Plaintiff could have joined his insurance company as party plaintiff and had it refused to be so joined made it a party defendant. Likewise, defendant could have caused the Travelers Insurance Co. to be made a party to the suit. Had this been done upon issue properly drawn, the avails of the verdict of $1800.00 would have belonged to Travelers Insurance Co. and defendant could not be heard to complain.

But having elected to proceed alone, the plaintiff assumed the burden of securing a verdict in excess of $1800.00 before any interest in his behalf appeared. Both parties hazarded success on the verdict and chose to proceed without making the Travelers Insurance Co. a party.

The verdict fixes the rights and determines that the plaintiff, having no interest in the subject matter of the suit cannot retain the fruits of a judgment to no part of the proceeds of which he is entitled, nor does he, in our judgment, sustain the relation of a trustee for the Travelers Insurance Co. and protect the judgment in its behalf.

Without a discussion of the detailed objections of the plaintiff in error, we are of opinion that the trial court did not err in refusing to give special charges Nos. 1 and 2 requested by defendant before argument, but that it erred in refusing to give de-

fendant's special charge No. 3 and that the court erred in withdrawing the second defense of the answer from the jury.

The judgment will be reversed and remanded for further proceedings according to law.

HORNBECK, PJ, and BARNES, J, concur.

## DISSENTING OPINION

By KUNKLE, J.

This is an action in which defendant in error, who was plaintiff in the lower court, sought to recover damages on account of a collision occurring on November 30, 1930 between the Cadillac automobile owned by defendant in error and which was traveling in a northerly direction and the Packard automobile owned by plaintiff in error traveling in a southerly direction. The collision occurred on a bridge some nine miles north of Celina, Ohio. The Cadillac automobile owned by defendant in error was being driven by one, William Harris. The record discloses that the said Harris was at the time in question upon a mission of his own and not upon any mission of the defendant in error, the owner of the Cadillac automobile.

The negligence of plaintiff in error which is alleged in the petition consists of plaintiff in error driving at an excessive rate of speed, that is driving faster than was reasonable and proper under the circumstances; of entering upon the bridge where the collision occurred at a time when he should not have entered upon such bridge as the bridge was too narrow for two automobiles to pass; of plaintiff in error failing to keep his automobile to the right of the center of the bridge; and of his not having proper control of his car.

The defendant in error sought to recover damages in the sum of $2,000.00.

An answer was filed by plaintiff in error in which, in brief, he denied that he was guilty of any negligence in the operation of his car and alleged that the collision in question was due solely to the negligence of William Harris, the driver of the automobile of defendant in error.

The plaintiff in error also tendered a defense to the effect that defendant in error has been fully compensated by an insurance company for his loss.

This defense was ruled out by the trial court.

An issue was thus joined by the pleadings and the case was submitted to a jury with the result that the jury returned a verdict in favor of defendant in error and against plaintiff in error in the sum of $1800.00.

Motion for new trial having been filed and overruled and judgment entered upon the verdict, error is prosecuted to this court.

Counsel have favored the court with briefs in which the legal questions relied upon are discussed at length. The question chiefly urged by counsel for plaintiff in error is that the defendant in error being the plaintiff below is not the real party in interest and therefore is not entitled to recover in this action.

On page 106 of the record we find a stipulation by counsel to the effect that the defendant in error carried what is known as a $50.00 deductible accident insurance policy on his said automobile and that he has been paid by such insurer, The Travelers Insurance Company, the sum of $1800.00 on account of such collision and damage to his automobile and that he has assigned his claim to that extent, namely, the amount of $1800.00 to the said insurance company.

Counsel for plaintiff in error presented three special charges, namely, Special Charges 1, 2 and 3, which they requested the trial court to give before argument of counsel and which special charges cover this phase of the case.

These special charges were refused by the trial court.

Counsel for plaintiff in error seriously contend that the trial court erred in refusing to give such special charges. We shall not attempt to quote in detail from the testimony. It is sufficient to say that the undisputed evidence is that the automobile was damaged in the sum of $2,000.00.

Defendant in error in his petition placed his damage at $2,000.00 and sought to recover that amount, but the verdict as returned by the jury was for the sum of $1800.00.

It is admitted that defendant in error received from the Travelers Insurance Company on account of this collision and damage to his automobile the sum of $1800.00. The defendant in error also admits that he received $75.00 for this wrecked car. He has therefore received the sum of $1875.00.

The defendant in error testifies that his Cadillac automobile immediately prior to the collision was worth $2,000.00. We find no other testimony in the record upon the value of the Cadillac automobile immediately prior to the collision. There is no testimony contradicting the evidence of defendant in error upon this subject. The record therefor shows that the defendant in error

has sustained damages in the difference between the value of his automobile immediately prior to the collision and the amount he received from the insurance company plus the $75.00 salvage upon his car.

Is the defendant in error the real party in interest and under our Code entitled to prosecute this claim? We are not concerned with the rights as between defendant in error and the insurance company. The insurance company is making no objection to the defendant in error prosecuting this action. We have some difficulty in ascertaining to what extent the plaintiff in error is interested in the distribution of the fund in question. The jury found that the collision was the result of the negligence of plaintiff in error. If the insurance company attempted to collect from plaintiff in error $1800.00 and the defendant in error in a separate suit attempted to collect the difference between the value of his Cadillac automobile immediately prior to the collision and the amount since received, then plaintiff in error would be required to defend in two separate suits and might justly complain of such procedure. It was admitted during the trial by defendant in error that if a judgment was rendered in his favor he would be required to pay, at least, a portion of such judgment to the insurance company.

The undisputed testimony shows that the defendant in error retained a substantial interest in the cause of action sued upon.

If the defendant in error had a substantial interest in the cause of action, can he maintain this proceeding?

This presents an interesting question which counsel have diligently briefed.

In **Ohio Jurisprudence, Volume 22, §716** there is found a very interesting discussion of this subject to the following effect:

"As has been well said, it is unquestionably settled that if insured property be destroyed through the fault or neglect of another than the insured, the insurer, upon payment of the loss, will be subrogated to the rights of the insured owner to recover from the wrongdoer to the extent that the insurance company has been obligated to pay, and has paid, and that the rights of the insurance company under such circumstances are precisely those of the owner against the wrongdoer. This means that where a loss, covered by insurance, is occasioned by a wrongdoer, the insurer, after reimbursing the insured, is, in a proper case, entitled to be subrogated, quoad hoc, to the right of the insured against the wrongdoer,

but that an insurance company, by articles of subrogation, can take no greater rights than those of the insured, and that any defense which a wrongdoer has against the insured is good against an insurer subrogated to the rights of the insured, and also that the insurer, in case the wrongdoer has paid the insured, has no right as against the insured, where the compensation so received is less than his loss, or does not constitute full satisfaction of the claim of the insured against the person as to whom subrogation is sought. In fact, full payment of the loss is a condition precedent to the insurer's right of subrogation, part payment not giving such a right." (Black face is ours).

One of the decisions cited by counsel for defendant in error is the case of **Cox v Cincinnati Traction Company et, reported in the 32 Oh Ap at page 487** and in which case the Supreme Court overruled a motion to certify. Judge Mauck in rendering the opinion of the court adopts as a part of his decision a paragraph from 14 R.C.L., page 1410 as follows:

"Under the code practice, however, where an action is required to be brought in the name of the real party interested, if the loss does not exceed the insurance, the insurer must sue in its own name and the insured is not a proper party to the action, but where the loss exceeds the insurance the insurer cannot maintain an action in its own name; however, the assured may bring an action in his own name against the wrongdoer, and recover the full amount of the loss, holding the proceeds so far as the insurer is subrogated, as trustee, and it would seem that the insured is the only proper party to recover damages from the wrongdoer." 14 R.C.L., 1410.

On page 489 of this decision Judge Mauck clearly differentiates a case wherein the entire loss has been compensated by an insurance company from one wherein the loss has only been partially compensated and uses the following language:

"This case is one wherein the loss suffered by the insured was wholly satisfied by the insuring company and is not to be confused with those cases where the insurance paid is less than the loss, for in such case the authorities uniformly require the action to be brought in the name of the insured as otherwise a splitting of the cause of action would result in a duplication of

litigation that is never tolerated."

We have considered the case of **Lake Erie R. R. Co. v Falk, reported in 62 Oh St at page 297,** cited by counsel for plaintiff in error.

The controlling facts in that case are different from those in the case at bar. The language of Judge Shauck as found in the last paragraph of pages 306 and 307 of that decision is in harmony with the citations above quoted. The real purpose of this suit is to recover the damages incurred by defendant in error. He maintains that his damages were $2,000.00 which sum was in excess of the amount received by him from the insurance company plus the salvage of his car.

The undisputed facts are that the defendant's car was damaged in the sum of $2,000.00. The fact that the jury, in violation of the undisputed evidence, only awarded $1800.00 for such damage and that the defendant in error does not desire to incur the costs of prosecuting a proceeding in error does not change or effect his cause of action. His cause of action is the actual damage done to his car, and, as above stated, the undisputed evidence is that the car was damaged in the sum of $2,000.00.

We think the special charges requested by counsel for plaintiff in error were properly refused.

We have read the charge of the trial court and when the same is considered as an entirety we find nothing therein which we think prejudicial to plaintiff in error.

We have considered all of the errors urged by counsel for plaintiff in error in their brief, but finding no error in the record which we think prejudicial to plaintiff in error, the judgment of the lower court should be affirmed.