BARNHILL, APPELLEE, *v.* BROWN, APPELLANT.

(Decided September 11, 1937.)

*Messrs. Woolley & Rowland,* for appellee.
*Mr. Carlisle O. Dollings* and *Mr. John W. Bolin,* for appellant.

BLOSSER, J. Stella F. Barnhill filed her petition in the Court of Common Pleas of Athens county against Fred E. Brown seeking to recover $500 for personal injuries, $25 expended for medical services as a result of such injuries and $245 for damages to an automobile owned by her, all of which damages were alleged to have been the result of a collision between an automobile owned by her and an automobile owned by Fred E. Brown. It was further alleged that the collision was caused by the negligence of Fred E. Brown. The

answer of the defendant denied any negligence on his part. By cross-petition defendant sought damages for personal injuries resulting from the collision, which he alleged was caused by the negligence of the driver of the plaintiff's automobile. The reply amounted to a general denial.

During the trial of the case to the court and a jury the plaintiff was called as a witness and on direct examination testified as to the manner in which she claimed the collision between the two automobiles occurred, the extent of her injuries, and to the fact that her automobile was completely demolished. The cross-examination developed that she had received about $34 for the damaged automobile in a trade for a new car. She was then asked on further cross-examination if she had received anything in restitution for the damages to the wrecked car. Plaintiff objected to this question and at the direction of the trial court the jury retired from the court room. The court did not at any stage of the trial rule on this objection.

The following proceedings were had in the absence of the jury. The plaintiff testified that the damage to her automobile was $245 and that she had received about $34 for the wrecked automobile. It was developed by her testimony that the General Exchange Insurance Company had issued to her a $50 deductible policy of insurance under which she stood the first $50 of the damage to her wrecked automobile. The company had paid her $195 on account of such property damage. This left a balance of $16 on this item of damage for which she had not been reimbursed. The defendant then moved the court to dismiss the cause by reason of defect of parties plaintiff, and, in the alternative, that the plaintiff's cause of action be dismissed so far as recovery for damages to plaintiff's automobile exceeding the sum of $50 was prayed for, and further moved alternatively that unless the dam-

age to plaintiff's automobile exceeded the sum of $195 that her cause of action for such damage be dismissed. The trial court overruled the several motions of the defendant.

The jury then returned to the court room and the trial proceeded with the cross-examination of the plaintiff. She was first asked if she had received anything in restitution for the damages of her automobile. An objection of the plaintiff to this question was sustained. The next question propounded to plaintiff by counsel for the defendant was whether the General Exchange Insurance Company had paid her $195 in partial payment of the damage to her automobile. Counsel for the plaintiff objected to this question and moved the court to withdraw a juror and continue the case at the costs of the defendant. The trial court sustained the motion and continued the case at the costs of the defendant for misconduct of counsel appearing for the defendant. This ruling of the court was later embodied in a journal entry and the motion of the defendant for a new trial overruled. A motion of the defendant that the insurance company be made a party to the action was then filed and overruled. The defendant thereupon gave notice of appeal to this court upon questions of law.

I. The first question presented for consideration is the competency of the question asked the plaintiff on cross-examination by counsel for the defendant in the presence of the jury, as to whether she had received anything in restitution for the damages to her automobile. Following this the jury was excused as set forth above.

It is held in the syllabus in the case of *Cox* v. *Cincinnati Traction Co.*, 32 O. C. A., 487, 35 C. D., 824:

"Where one who has suffered an injury has been fully indemnified by a liability insurance company and the insurer has become subrogated to all the rights of the insured, the party so fully indemnified cannot

prosecute an action against those whose negligence caused the injury. Such action must be brought in the name of the subrogated insurer."

This rule was followed with approval in the opinion in the case of *Schmidt* v. *Cullen,* 15 Ohio Law Abs., 562, at page 564. It is held in the syllabus of this case:

"The owner of an automobile damaged in a collision, who has been compensated by an insurer in an amount assumed to be only part of such damages and who has assigned to the insurer his rights to the extent of such payment, is not entitled to recover against the wrongdoer in an action brought by himself alone without joining the insurance company, if the damages suffered are found to be no greater than what has been paid him."

The opinion in the *Schmidt case* discloses that the undisputed testimony showed the loss suffered by the insured was more than the amount paid by the insurer. The trial court refused to give a special instruction to the effect that if the jury found the plaintiff had been fully compensated by the payment made by the insurer on account of the damage suffered the plaintiff could not recover and the verdict must be for the defendant. A majority of the Court of Appeals held that the trial court erred in refusing to give this instruction to the jury. The other member of the court, while accepting the rule thus laid down, dissented on the ground that the instruction should not have been given since the undisputed testimony disclosed the loss suffered was more than the amount of insurance paid.

Counsel for the defendant in this case had the right to establish whether the plaintiff had been reimbursed by an insurer for the loss sustained by her because of property damage in the collision, and if so the extent of that reimbursement, so that it could be determined whether she had been partially or wholly reimbursed by an insurer for that item of damage. Counsel for the defendant likewise had the right to estab-

lish whether the plaintiff had been reimbursed by an insurer for the loss sustained by her because of personal injury in the collision, and if so the extent of that reimbursement, so that it could be determined whether she had been partially or wholly reimbursed for that item of damage. These were questions of fact for the determination of the jury. *Schmidt* v. *Cullen, supra.* If it developed that the plaintiff had been fully reimbursed for her property and personal damage then the rule announced in the two cases cited would apply and the plaintiff could not maintain this action.

It follows that the objection of counsel for the plaintiff to the question under discussion should have been overruled at the time it was made.

II. The second question for determination is presented by the action of the trial court in overruling the motion of the defendant that the action be dismissed because of defect of parties plaintiff and also overruling the two alternative motions.

Section 11241, General Code, provides: "An action must be prosecuted in the name of the real party in interest    *    *    *."

Section 11254, General Code, provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided."

Section 11256, General Code, provides: "Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained    *    *    *    he may be made a defendant."

Construing the last two sections the Supreme Court held in the case of *Clark, Exr.,* v. *McClain Fire Brick Co.,* 100 Ohio St., 110, 125 N. E., 877:

"The provisions of Section 11256, General Code, relate only to persons united in interest, and as to them Section 11256, General Code, is mandatory; but Section 11254, General Code, relates to persons who

are not united in interest, but who have any legal or equitable interest in the subject of the action and in obtaining the relief demanded, and permits but does not require them to be joined as plaintiffs.''

Where the loss suffered by an insured through the act of a third person exceeds the amount paid by an insurer the authorities are generally agreed that at common law the action must be prosecuted in the name of the insured. Under codes of procedure where the statutes require a suit to be brought in the name of the real party in interest a difference of opinion has developed in different jurisdictions as to the party in whose name an action should be prosecuted where the value of the property destroyed or the damage suffered exceeds the amount of insurance paid by an insurer to the injured party.

The case of *Lake Erie & Western Rd. Co.* v. *Falk,* 62 Ohio St., 297, 56 N. E., 1020, is authority for the proposition that in an action by the insured against the wrongdoer where the insurer had made partial payment of the loss the insurer should intervene for the purpose of being subrogated to the rights of the insured to the extent of such payment. This case also holds that under such circumstances the insurer is a property party but not a necessary party to an action by the insured against the wrongdoer.

The third paragraph of the syllabus of *Norwich Union Fire Ins. Co.* v. *Stang,* 18 C. C., 464, 9 C. D., 576, states that where the value of the property destroyed through the negligence of a third person exceeds the amount of insurance paid ''both the insurer and the owner must be joined as co-plaintiffs.'' Stang had suffered a loss and had been partially reimbursed therefor by the insurer. It was agreed that Stang should bring an action against the wrongdoer on behalf of himself and the insurer for the total amount of the loss. A suit was so instituted and Stang settled and dismissed the action without the knowledge of the

insurer. The insurer then instituted the action under consideration to recover from Stang the amount the former had paid the latter, and the question before the court arose upon a demurrer to the petition containing the facts above set forth. The court referred to the opinion in the case of *Norwich Union Fire Ins. Soc.* v. *Standard Oil Co.,* 59 F., 984, 8 C. C. A., 433, wherein it is held that "the rule seems to be well settled that, when the value of the property exceeds the insurance money paid, the suit must be brought in the name of the assured," and also to the case of *Home Mutual Ins. Co.* v. *O. R. & N. Co.,* 20 Ore., 569, 26 P., 857, wherein it is held that under such circumstances "the owner of the property destroyed must be joined with the insurer paying the loss as a coplaintiff." The court then says that in the case which was settled and dismissed by Stang the insurer was named distinctly as plaintiff and the action was prosecuted by Stang for the benefit of himself and the insurer and that in that case "no question was made, or if made it was overruled, that that was not the proper method." It is manifest that Stang could not complain in the second action about the manner in which the first action was instituted regardless of what the rule might be as to who were necessary parties in the first action. The insurer could have been brought into the first action as a proper party but not as a necessary party. We are not inclined to accept the rule set forth in the syllabus since it is our conclusion that the facts and opinion do not support the proposition there laid down and further because it is apparent that such holding is based entirely on the Oregon case without consideration having been given to the weight of authority adopting a different view.

The rule laid down in 14 Ruling Case Law, 1410, Section 574, is:

"Under code practice, however, where an action is required to be brought in the name of the real party

interested * * * where the loss exceeds the insurance the insurer cannot maintain an action in its own name; however, the assured may bring an action in his own name against the wrongdoer, and recover the full amount of the loss, holding the proceeds, so far as the insurer is subrogated, as a trustee, and it would seem that the insured owner is the only proper party to recover damages from the wrongdoer.''

This doctrine is reasserted in 5 Ruling Case Law Sup., 3840, Section 574, and is the rule laid down by the great weight of authority in the annotations in 96 A. L. R., 879, 23 L. R. A. (N. S.), 870, and Ann. Cas., 1918A, 834.

It is said in *Henderson* v. *Park Central Motors Service, Inc.*, 138 Misc. Rep., 183, at page 185, 244 N. Y. Supp., 409, at page 411:

''The insured, so long as he has not received full indemnity, still retains a beneficial interest in the claim and is still the legal owner of the whole cause of action. He is, therefore, the real party in interest, and the only person who can maintain the action against the wrongdoer for the full amount of the loss.''

Commenting upon the rule above set forth Mauck, J., speaking for the court of this district as such court was then constituted, said in *Cox* v. *Cincinnati Traction Co., supra*:

''* * * where the insurance paid is less than the loss * * * the authorities uniformly require the action to be brought in the name of the insured as otherwise a splitting of the cause of action would result with a duplication of litigation that is never tolerated.''

This is the rule adopted in the case of *Schmidt* v. *Cullen, supra.*

It is our conclusion from the authorities cited, and others which we have examined, that an action against the wrongdoer must be prosecuted in the name of the

insured to recover the full amount of loss where the one who has suffered loss by the act of the wrongdoer has been indemnified by the insurer in an amount assumed to be only a part of such loss. The insurer is a proper but not a necessary party to such action and, as pointed out in subdivision V hereof, may be brought into the case by either the insured or the wrongdoer so as to have a complete determination of the rights of all parties who might have an interest in the result of the litigation.

It follows that the trial court correctly overruled the motion made by the defendant to dismiss the cause of action by reason of defect of parties plaintiff and in the alternative that the action be dismissed so far as recovery of damages to plaintiff's automobile in excess of $50 was concerned.

The remaining branch of defendant's motion is that the cause of action be dismissed unless the damage to plaintiff's automobile exceeded the sum of $195. The evidence disclosed that the plaintiff had not been fully compensated for the property damage claimed by her and had not been either partially or wholly reimbursed for the personal damage claimed. The trial court therefore properly overruled this branch of the defendant's motion.

III. The next question presented by the record is raised by the sustaining of the objections to the two questions (whether the plaintiff had received anything in restitution for the damage to her automobile and whether the insurance company paid plaintiff $195 in partial payment for the damage to her automobile) asked plaintiff on cross-examination by counsel for the defendant following the overruling of the motions of the defendant and the resumption of the trial of the case before the jury. Without attempting to detail the rather lengthy proceedings had in the absence of the jury it is sufficient to say that by their participa-

tion in those proceedings counsel for the defendant abandoned their right to have the question of whether the plaintiff had been fully reimbursed for her claimed loss submitted to and determined by the jury and clothed the trial judge with jurisdiction to pass upon this phase of the case. While counsel for the defendant had the right to have this question submitted to the jury at an earlier stage of the case, as heretofore pointed out they were barred by what took place in the absence of the jury from further pursuing this matter when the trial of the case was resumed. When the trial of the case was resumed before the jury counsel for the defendant had the right to develop the value of plaintiff's automobile immediately before and after the collision for the purpose of reflecting on the amount of property damage sustained by plaintiff. The questions referred to went beyond this limitation and covered too broad a field. The trial court properly sustained the objections to the questions referred to.

IV. The next question for disposition is raised by the action of the trial court sustaining the motion of the plaintiff to withdraw a juror and continue the case at the cost of defendant. Two courses were open to the trial judge; one, to admonish the jury not to consider the two questions of counsel as having any bearing on the case and the other to take the action that was taken. It was a matter that was discretionary with the court and the record does not show any abuse of discretion in continuing the case at the cost of the defendant.

V. The remaining question for consideration is presented by the overruling by the trial court of the motion made by the defendant after the overruling of the motion for a new trial that the General Exchange Insurance Company be made a party to this cause and required to plead.

In the case of *Railroad Co.* v. *Falk, supra,* Falk had been partially reimbursed under a fire insurance policy for a loss sustained by him. He instituted an action against the wrongdoer to recover the full amount of his damage. Later the insurer was brought into the action by the pleading of the wrongdoer. One of the questions presented to and considered by the Supreme Court arose upon the exceptions of the wrongdoer to an order permitting the insurer to plead in the action. The court said in the opinion:

"This mode of asserting the rights of parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own interest, is in conformity with the requirements of modern procedure."

The only difference between the facts in the *Falk case* and the facts relating to the question now under consideration in the instant case is that in the former the insurer was brought into the case by the answer of the wrongdoer and in the latter the wrongdoer attempted to bring the insurer into the case by motion. As before stated, the insurer in the instant case is a proper but not a necessary party and could be brought into the case by the action of either the plaintiff or defendant so as to have a complete determination of the rights of all parties who might have an interest in the result of the litigation.

The judgment of the trial court overruling the motion made by the defendant that the insurance company be made a party to the action is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.