CRAMER ET AL., APPELLANTS, *v.* FISCHER BAKERY CO., INC., APPELLEE.

(No. 7723—Decided May 18, 953.)

*Messrs. Petermann, Calhoun & McPherson,* for appellants.

*Mr. Elmer E. Strasser,* for appellee.

MATTHEWS, P. J. The plaintiffs seek in this action to recover from the defendant for damage done through its negligence to an automobile, title to which the plaintiff Cramer held under the sole title certificate which "under the plain and unambiguous language of Section 6290-4, General Code," can be recognized by any court as conferring any right, title, claim or interest. They introduced in evidence the certificate of title which in form and substance conformed to all the requirements of the law. They also introduced

evidence which was uncontradicted that the damage to the automobile was the direct result of defendant's negligence in failing to yield the right of way at a street intersection. They further introduced evidence of the reasonable cost of repairing the damage which is an approved method of proving the difference in value immediately before the damage and the market value immediately after in the damaged condition, which difference is the measure of damage. 4 Ohio Jurisprudence, 845, Section 262.

Yet at the close of the plaintiffs' evidence the Municipal Court sustained the defendant's motion for an instructed verdict and entered judgment in its favor. On appeal, the Common Pleas Court affirmed the judgment, and the cause is before this court on appeal from that judgment of affirmance.

It is necessary to go more fully into the evidence to bring into sharper focus the issue in this case. For the purpose of proving title, the plaintiff Cramer took the witness stand. For the purpose of proving defendant's negligence, the plaintiff called Arlie Hager, who was operating the automobile for which Cramer held the certificate of title. They testified on direct examination, as already noted, and in addition Cramer testified to the execution of the subrogation agreement with the plaintiff Service Fire Insurance Company and the assignment of the claim ($481.89) less $50 to it. It was the facts developed on cross-examination of these two witnesses that caused the Municipal Court to sustain the defendant's motion for an instructed verdict and to enter judgment in its favor.

Over the plaintiffs' objection, the Municipal Court permitted the defendant to cross-examine Cramer and Hager as to their beneficial interest in the automobile. As a result it was developed that for some reason, not disclosed, Hager arranged with an automobile dealer for the purchase of an automobile, and by and with

the consent of Cramer to have the title transferred to the latter. Hager made a part payment at the time, the certificate of title was issued to Cramer and he signed the mortgage to secure the deferred payments and the insurance was arranged by the seller upon the automobile as the property of Cramer. However, the automobile was delivered to Hager, who continued to have exclusive possession of it at all times, made the deferred payments as they came due and paid the $50 which was exempted from the insurer's liability. After the collision, Cramer signed the proof of loss and, upon settlement by the plaintiff insurance company, signed the subrogation and assignment document.

After all these facts were developed Cramer was asked on cross-examination:

"Q. Have you been damaged in any way as result of this accident?" To which he answered: "I have not," which was the witness' mere legal conclusion from the facts established on cross-examination.

It was upon this answer that the court concluded that as plaintiff admitted he had not been damaged he could recover nothing. In our view, this is an entirely unjustified interpretation of this record and goes counter to well known and fundamental legal principles.

The plaintiff had the only title recognized by the law as creating any right or title to the automobile. It is true that he paid no consideration unless obligating himself on the note and mortgage be so regarded. He was the holder of the dry legal title, and were it not for the prohibition of Section 6290-4, General Code, Hager could have disregarded it and sued in his own name. The automobile was damaged, resulting in depreciation of its value. His right or title was reduced proportionately. The fact that Cramer had an arrangement with Hager and the insurance company is entirely irrelevant. On this subject, it is said in

*Criez* v. *Sunset Motor Co.*, 123 Wash., 604, 213 P., 7, 32 A. L. R., 627, at 609:

"It appears that respondent had purchased this machine under a conditional sales agreement reserving title in the vendor. The vendor had insured the car against accidental damage, and after this accident occurred the vendor collected from the insurance company on its policy the sum of $400, which was credited upon the contract, reducing by that sum the amount which respondent had agreed to pay. Appellants contend that, under the judgment appealed from, respondent has been allowed the full value of the car and, through the credit of the insurance money, has received a bonus or profit of $400 in addition. In *Stotts* v. *Puget Sound Tr., L. & P. Co.*, 94 Wash., 339, 162 Pac., 519, L. R. A. 1917D, 214, a conditional vendee was held to be in the same position as a bailee and entitled to maintain an action against one who had damaged the property in his possession, to the extent of its full value. In *Alaska Pacific Steamship Co.* v. *Sperry Flour Co.*, 94 Wash., 227, 162 Pac., 36, it was squarely held that the fact that the injured party was compensated by insurance was of no concern to the one causing the injury and his liability was in no way lessened thereby."

And in the annotation, at page 632 of 32 A. L. R., it is stated:

"A wrongdoer will not be permitted to benefit by payments made to the injured person from collateral sources, whether in compensation or as gratuities; nor will the payment of insurance moneys, to which the wrongdoer does not contribute, be considered in estimating the damages."

See, also, *Bader* v. *Marlin,* 160 Wash., 460, 295 P., 160, 78 A. L. R., 914; 5 American Jurisprudence, 828, Section 587; and 61 Corpus Juris Secundum, 143 and 144, Section 500.

It should be noted that in the case of *Barnhill* v. *Brown,* 58 Ohio App., 188, 16 N. E. (2d), 478, decided several years after the enactment of the "Certificate of Title Act," without, however, mentioning that law, the court held that notwithstanding the owner of an automobile had received from the insurer a part of his loss, he could recover the full amount of the damage and that while the insurer was a proper party, it was not a necessary party, quoting at page 195 from 14 Ruling Case Law, 1410, Section 574, as follows:

"* * * The assured may bring an action in his own name against the wrongdoer, and recover the full amount of the loss, holding the proceeds, so far as the insurer is subrogated, as a trustee, and it would seem that the insured owner is the only proper party to recover damages from the wrongdoer."

As both the insured and insurer are joined as coplaintiffs in the action at bar, it would seem that the condition (absence of insurer) that occasioned the debate in *Barnhill* v. *Brown, supra,* is absent and their right to maintain the action is invulnerable to attack. In passing it is worthy of note that the court pointed out that if the insurer was not made a party to the action, the insured would hold in trust the part of the recovery for which he had been indemnified for the benefit of his indemnitor.

It seems to us that in addition to the clear intent of the statute that all the analogies of the law lead to the conclusion that the holder of the certificate of title (the legal title) to the automobile, and, therefore, the owner of the chose in action resulting from its damage, can maintain this action. The fact that he may be under an obligation to account to some one for the proceeds is no impediment. It is familiar law that a trustee must account to his cestui que trust. A bailee can recover the full damage to the property and must account to the bailor for the amount to which he is entitled.

It would seem that to hold that the plaintiff can not recover would result in the defendant's escape without having its liability tested in this or any other action. If Hager sued he would be met at once by the objection that he did not have any title recognized by the law. The soundness of the objection is beyond cavil under the statute and the cases interpreting it. *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, and *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665.

For these reasons, we are of the opinion that the Municipal Court erred in sustaining the defendant's motion for an instructed verdict at the close of the plaintiffs' evidence. One of the defenses was that Hager—the beneficial owner—was negligent in the operation of the automobile that was damaged, and that such negligence caused or contributed to the collision. As Cramer would be required to account to Hager for any amount recovered by him, he and his subrogee could have no greater right. We are of the opinion that the negligence, if any, of Hager would preclude a recovery by the plaintiffs.

For these reasons, the judgment is reversed and the cause remanded to the Common Pleas Court with instructions to remand the cause to the Municipal Court for further proceedings according to law.

*Judgment reversed.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.
Ross, J., dissents.

Ross, J. In a jury trial in the Municipal Court of Cincinnati, at the conclusion of the evidence for the plaintiffs, judgment was entered for the defendant. An appeal to the Court of Common Pleas of Hamilton County resulted in affirmance of the judgment.

William A. Cramer, one of the plaintiffs is the assured of his coplaintiff, Service Fire Insurance Company. In their bill of particulars, it is alleged that the defendant Fischer Bakery Company, through the sole negligence of one of its employees in the operation of a truck, damaged the automobile of Cramer to the extent of $481.89, and that such vehicle depreciated in value to the extent of $490. It is further stated that Cramer's automobile was being driven by one Arlie Hager. Service Fire Insurance Company alleges that there has been assigned to it for a valuable consideration a portion of Cramer's claim in the sum of $431.89. The plaintiffs prayed judgment for $481.89 against the defendant.

The defendant in its answer admitted the collision of the vehicles and denied any fault on its part. Defendant further admitted that both vehicles were damaged as a result of the collision, and for want of knowledge denied the assignment to the insurance company.

For a second defense, defendant charged that the plaintiff Cramer was not the real party in interest, and is not the complete owner of the vehicle involved.

For a third defense, the defendant charged contributory negligence against Hager, the driver of plaintiff's car.

From the evidence it appears that Hager was a minor and wished to purchase the automobile in question; that Cramer agreed to sign the necessary papers to enable Hager to get legal possession of the automobile. Hager paid all expenses incident to acquiring possession of the automobile and Cramer's sole connection with the automobile was to take title in his name and sign and execute certain papers incident to financing the transaction. Hager was driving the automobile which was to all intents and purposes his vehicle.

The policy of insurance issued by Service Fire In-

surance Company to Cramer had a $50 deductible collision clause. The cost for repairing the automobile was $481.89. Hager paid $50 of this amount and Service Fire Insurance Company paid the balance, $431.89, and took an assignment for this amount from Cramer, the certificate of title holder.

Evidence was introduced pro and con as to the respective negligence of Hager, the operator of the automobile, and the driver of the truck, the employee of defendant.

The trial court sustained a motion for judgment at the conclusion of the plaintiffs' evidence on the theory that Cramer had a mere bare title to the automobile, had suffered no loss by reason of the injury thereto, and in fact had so stated on the witness stand.

In the consideration of this appeal, this court is confined to the record, to the pleadings as they existed at the time of the trial, to the evidence, and particularly to the statements and admissions of Cramer when giving his testimony at the trial. We are not permitted to reframe the case, substitute pleadings or present an action which was not before, or considered by, the trial court. The issues created by the pleadings included the question of loss to the plaintiff Cramer and the effect of the assignment to the plaintiff insurance company if Cramer suffered no loss. Other issues could not be reached when it became certain that Cramer had suffered no loss.

The plaintiffs rely upon such cases as *Mielke* v. *Leeberson*, 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, and *Kelley Kar Co.* v. *Finkler*, 155 Ohio St., 541, 99 N. E. (2d), 665.

The effect of these cases is best expressed in the conclusion of the opinion in the *Mielke case, supra,* where it is stated:

"In our view of the case, since there was evidence of plaintiff's ownership, *although such evidence can*

*never be sufficient without the production of a certificate of title, the proper procedure* is a reversal and a remanding for a new trial." (Emphasis added.)

Neither the provisions of Section 6290-4, General Code, nor the cases just mentioned have any bearing upon the principle, as old as the common law itself, that proof of loss is an essential element of the plaintiffs' case, where the cause of action is based thereon.

It is not a proper function of this court to suggest other proper courses of action which might be open to the parties.

It is the opinion of the writer that the judgment of the Court of Common Pleas should be affirmed.