GENERAL ACCIDENT FIRE and LIFE ASSURANCE CORPORATION, Limited, a corporation, Plaintiff,

v.

SMITH & OBY COMPANY, a corporation, Defendant.

SMITH & OBY COMPANY,
a corporation, Plaintiff,

v.

The H. K. FERGUSON COMPANY,
a corporation, and

General Accident Fire and Life Assurance Corporation, Limited, a corporation, Defendants.

Civ. A. Nos. 32883, 33008.

United States District Court
N. D. Ohio, E. D.

Feb. 1, 1957.

R. Crawford Morris, Cleveland, Ohio, for Gen. Acc. Fire & Life Assur. Corp. and others.

Michael R. Gallagher, Cleveland, Ohio, for Smith & Oby Co.

WEICK, District Judge.

■ The controversy here grows out of an accident which occurred during construction work at Westgate Shopping Center, near Rocky River in Cuyahoga County, Ohio.

The defendant, The H. K. Ferguson Company, an Ohio corporation herein referred to as Ferguson, was the general contractor of the construction work.

The plaintiff, Smith & Oby Company, an Ohio corporation, was the plumbing subcontractor of Ferguson.

One James J. McNulty, an employee of Smith & Oby, sustained serious personal injuries during the construction work, and brought an action to recover damages therefor against Ferguson in the Court of Common Pleas of Cuyahoga County.

The defendant, General Accident Fire & Life Assurance Corporation, Ltd., a British corporation, herein referred to as insurer, had issued a policy of liability insurance to Ferguson, whereby it was required to and did defend Ferguson in the action brought by McNulty.

Demand had been made on the subcontractor, Smith & Oby, to take over the defense of the McNulty case and to indemnify Ferguson and its insurer from all liability therefrom which was refused.

The demand was based on an indemnity agreement contained in the plumbing subcontract between Ferguson and Smith & Oby which provided as follows:

"Sub-Contractor agrees to pay and indemnify Contractor from and against all losses, liabilities, suits or obligations of every kind paid or incurred by Contractor on account of failure of Sub-Contractor to perform agreements herein. Sub-Contractor further agrees to indemnify and save harmless the Contractor and the Owner from all loss, expense, damages, claims, suits or subrogations resulting from injury, including death, sustained by Sub-Contractor, or by any employee, agent or representative of Sub-Contractor, or by others who may be performing work for the Sub-Contractor, arising from any cause or for any reason whatsoever in or about the premises where the work is being performed."

During the course of the trial of the McNulty case, Ferguson's insurer made a settlement with him for $55,000 and incurred expense of $2,915.40 for attorneys fees. The insurer brought action in this Court on June 28, 1956. being Civil Action No. 32883 to recover said amounts from Smith & Oby on said indemnity agreement claiming to be subrogated to all the rights of Ferguson therein and also to have an assignment from Ferguson.

Thereafter, namely, on August 1, 1956, Smith & Oby instituted the present action in the Court of Common Pleas of Cuyahoga County against Ferguson and its insurer, which action was one for declaratory judgment praying for a declaration of its rights, responsibilities and liabilities under said indemnity agreement the pertinent provisions of which are above set forth.

The insurer, a resident of Great Britain, removed the action to this Court on the ground of diversity of citizenship between itself and Smith & Oby. It claimed that its co-defendant Ferguson, a resident of Ohio, was not an indispensable party.

The insurer has filed a motion to consolidate this case for trial with the previous case it filed in this Court against Smith & Oby (Case No. 32883).

Smith & Oby object to the consolidation and have filed a motion to remand the present case to the Common Pleas Court. The ground for the motion to remand is the claim that Ferguson is a resident of Ohio and is an indispensable party and, therefore, the action was improperly removed. 28 U.S.C.A. § 1441 (b).

The motion to remand raises the question whether Ferguson was an indispensable party to the present action.

It will be noted that the insurer did not make Ferguson a party defendant to the action for subrogation which it had previously filed in this Court against Smith & Oby. (Case No. 32883) Ferguson had paid no part of the settlement made by the insurer with McNulty and, therefore, would have no interest in the recovery, if one was allowed. Ferguson had also assigned any interest it had in the claim to its insurer.

Under Ohio law, the insurer was the real party in interest and as such had the right to bring action for subrogation in its own name against Smith & Oby. R.C. § 2307.05. It was not necessary for the insurer to join Ferguson as a party defendant in such action. Barnhill v. Brown, 58 Ohio App. 188, 16 N.E. 2d 478.

▉ It would seem that the present action for declaratory judgment was untimely brought. If the action were remanded to the Court of Common Pleas, it is doubtful whether that court would entertain it in view of the pendency in this court of the prior action of the insurer for subrogation against Smith & Oby to enforce the same indemnity agreement. United States Fidelity & Guaranty Co. v. Savoy Grill, Inc., 51 Ohio App. 504, 1 N.E.2d 946. In the action brought by the insurer, the parties are entitled to a jury trial.

The time to have brought the declaratory judgment action was when Smith & Oby first received notice to defend the McNulty case.

The rights of the parties had not then become fixed. The McNulty action was still pending. It had not been defended. No settlement had been made. The Court at that time could very properly have declared the rights and liabilities of Smith & Oby under the indemnity agreement. But Smith & Oby did not then bring its action for declaratory judgment.

It waited until after the insurer settled the McNulty case and had brought suit for subrogation against it in this Court to enforce the indemnity agreement.

The rights, responsibilities and liabilities, if any, of Smith & Oby to the insurer under the indemnity agreement had by that time become fixed. They are the subject of the prior action pending in this Court. (Case No. 32883) This Court has jurisdiction and full power and authority to determine them in that action. Barber-Greene Company v. Blaw-Knox Company, 6 Cir., 239 F.2d 774.

When the jurisdiction of this Court attached in Civil Action No. 32883 such jurisdiction could not be defeated by the filing of the subsequent action for declaratory judgment in the state court and the removal thereof to this Court. Even if Ferguson were an indispensable party (which he is not) to the actions as consolidated, the jurisdiction of this Court would not be affected thereby. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

It ought not to be necessary for the defendant, in an action pending in this Court, to bring a declaratory judgment action in the state court to find out if it has a defense to the action pending here.

The purpose of the action for declaratory judgment was certainly not to determine whether or not the party who brings the action has a defense in a pending action previously instituted in another court of concurrent jurisdiction. Such defense should properly be determined in the pending action where jurisdiction first attached.

Smith & Oby claim that the precise issue to be determined in the cases is whether or not the indemnity agreement contained in the plumbing sub-contract should be construed so as to indemnify Ferguson against his own negligence.

▉ Under Ohio law, a contract of indemnity which undertakes to relieve a person of his own negligence must be clearly expressed. Dingledy Lumber Co. v. Erie R. Co., 102 Ohio St. 236, 131 N.E. 723; Kay v. Pennsylvania R. Co., 156 Ohio St. 503, 103 N.E.2d 751.

In St. Paul Mercury Indemnity Co. v. Kopp, Ohio App., 121 N.E.2d 23, the

Court of Appeals for the Ninth Judicial District, sitting by designation for the Court of Appeals for the Eighth Judicial District (Cuyahoga County), held that an indemnity agreement quite similar to the one involved in the case at bar did clearly express an intention to relieve a party from his own negligence.

Smith & Oby assert that this Court would be bound to follow the appellate decision in the Kopp case which it claims was wrongly decided. Tompkins v. Erie R. Co., 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139.

It further asserts that the present case should be remanded to the state court so that it may obtain an adjudication by the Supreme Court of Ohio on the application of the Ohio law to the indemnity agreement in suit.

■ The Supreme Court of Ohio has already spoken on the law in the Dingledy and the Kay cases and the District Court, sitting in a diversity of citizenship case, would be bound to follow it. Tompkins v. Erie R. Co., supra.

Whether or not this Court would be bound to follow a decision by a state court of appeals in the manner by which it applied the law to the facts is another matter. The determination of factual matters would seem to be inherently a judicial function of which this Court cannot be deprived.

To grant the relief requested by Smith & Oby would require the Court to remand this case to the Common Pleas Court and then stay proceedings in Civil Action No. 32883 until Smith & Oby has an opportunity to run the gamut of the Ohio courts. The probabilities are that the lower courts in Ohio would follow the Kopp case. An appeal to the Supreme Court of Ohio would then be necessary.

The jurisdiction of the Supreme Court of Ohio to direct a court of appeals to certify its record for review is limited, by the constitution of Ohio, to cases of great public or general interest. Article IV, § 2, Constitution of Ohio.

Whether a case is one of great public or general interest, which involves merely the application of law, which has already been established by the Supreme Court to the facts, admits of some doubt. There is no reasonable certainty that Smith & Oby could obtain an adjudication by the Supreme Court of Ohio.

In any event, there is no good reason why this Court should surrender its prior jurisdiction to the state court under the circumstances.

It follows that the motion to consolidate will be granted. The motion to remand will be denied.